ERIC GRANT
United States Attorney
CODY S. CHAPPLE
JOSEPH D. BARTON
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| SULIANA CALDWELL, | |
| Defendant. | |

## I.    INTRODUCTION

### A.    Scope of Agreement

The Information in this case charges the defendant with one count of wire fraud, in violation of 18 U.S.C. § 1343. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California (the "government") and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.    Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the Information. The

PLEA AGREEMENT                                    1

Court is under no obligation to accept any recommendations made by the parties, and the Court may, in its discretion, impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the statutory maximum, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

## II.     DEFENDANT'S OBLIGATIONS

### A.     Guilty Plea

The defendant will plead guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. The defendant agrees that she is in fact guilty of this charge and that the facts set forth in the factual basis for plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record in this case. The defendant understands and agrees that he will not be allowed to withdraw her plea should the Court not follow her or the government's sentencing recommendations.

The defendant agrees that the statements made by her in signing this plea agreement, including the factual admissions set forth in the factual basis for plea, shall be admissible and useable against her by the government in any subsequent criminal or civil proceedings, even if she fails to enter a guilty plea pursuant to this agreement. The defendant waives any rights that she may have under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, to the extent that these rules are inconsistent with this paragraph or with this plea agreement generally.

The defendant agrees that, under the United States Constitution, she is entitled to be indicted by a grand jury on the charge to which she is pleading guilty. Pursuant to Fed. R. Crim. P. 7(b), she also agrees to waive all rights she has to being prosecuted by way of Indictment. She will sign a waiver of prosecution by Indictment and consent to proceeding by Information when directed by the government and the Court.

### B.     Restitution

The defendant agrees that her misconduct is governed by the Mandatory Victim Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and that she will pay the full amount of any restitution to the

PLEA AGREEMENT                          2

victims affected by her crimes as the Court may determine pursuant to the procedures in 18 U.S.C. § 3664. The amount of restitution will not exceed $1,820,000.

The defendant will not sell, encumber, transfer, convey, or otherwise dispose of any of her assets without the prior written consent of the United States Attorney, except that she may sell, transfer, or convey personal property, including used vehicles and personal items, but not financial instruments or ownership interests in business entities, with an aggregate value of less than $5,000, until her restitution is satisfied. The defendant may also pay bona fide legal fees that she incurs without the prior written consent of the United States Attorney.

The defendant agrees that all criminal monetary penalties imposed by the Court, including her restitution, will be due in full immediately at the time of sentencing and subject to immediate enforcement by the government. The defendant also agrees that any payment schedule or plan set by the Court for the remainder of her restitution is merely a minimum and does not foreclose the government from collecting the remainder at any time through all available means. The government will provide payment instructions to the defendant.

The defendant agrees that she will not seek to discharge any restitution obligation in a bankruptcy proceeding. The government acknowledges that the defendant may declare bankruptcy with regard to her civil obligations without violating this plea agreement and that bankruptcy proceedings may involve payments to various creditors. Defendant agrees to serve, in addition to any other federal agencies required to be served under Title 11, the United States Attorneys' Office with a copy of any notice of bankruptcy filing, to the attention of the "Financial Litigation Program," 2500 Tulare Street, Suite 4401, Fresno, California 93721, and Defendant acknowledges the United States' right to object to proposed payments to bankruptcy creditors, should the United States have lawful grounds to do so. The defendant also agrees that this plea agreement will be violated and voidable at the option of the government if she fails to pay restitution as agreed.

**C.    Fine**

The parties agree that no fine is appropriate.

**D.    Forfeiture**

The parties agree that no forfeiture is appropriate.

PLEA AGREEMENT                                    3

### E.     Sentencing Recommendation

The defendant and her counsel may recommend whatever sentence they deem appropriate as long as their recommendation includes some custodial term in a federal prison.

### F.     Special Assessment

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order, payable to the United States District Court, to the United States Probation Office before the sentencing hearing. She also agrees that this plea agreement is violated and voidable at the option of the government if she fails to pay the assessment prior to that hearing.

### G.     Violation of Plea Agreement by Defendant and Withdrawal of Plea

If the defendant violates this plea agreement in any way, withdraws her plea, or tries to withdraw her plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates a plea agreement by committing any crime, by providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or by engaging in any post-plea conduct constituting obstruction of justice. Varying from stipulated guideline application, personally or through counsel, also constitutes a violation of the plea agreement. The government also shall have the right to prosecute the defendant for the count to which she pleaded guilty and to file any new charges that would otherwise be barred by this plea agreement. The decision to pursue any or all these options is solely in the discretion of the government.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that she might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment. The determination of whether the defendant has violated the plea agreement will be

under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by her before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives all rights in the foregoing respects.

## H.    Asset Disclosure

The defendant agrees to make a full and complete disclosure of her assets and financial condition, and she will complete the government's Authorization to Release Information and Financial Affidavit within three weeks from the entry of her change of plea. This includes supporting documentation and the defendant will make her best efforts to timely provide complete documentation. The defendant also agrees to have the Court enter an order to this effect. Finally, the defendant agrees that if she fails to complete truthfully and provide the described documentation to the government within the allotted time, she will be considered in violation of the plea agreement.

## III.    THE GOVERNMENT'S OBLIGATIONS

### A.    Dismissals and Other Charges

The government agrees not to bring any other charges arising from the conduct outlined in the factual basis for plea except if this plea agreement is violated and voided.

### B.    Recommendations

#### 1.    Incarceration Range

The government will recommend that the defendant be sentenced up to the middle of the applicable guideline range as determined by the Court, three years of supervised release, and full restitution.

///

PLEA AGREEMENT                                          5

2.    **Acceptance of Responsibility**

The government will recommend a two-level reduction if the offense level is less than 16, or a three-level reduction if the offense level reaches 16, in the computation of the defendant's offense level if she demonstrates acceptance of responsibility for her misconduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G. § 3C1.1 either in the preparation of the pre-sentence report or during the sentencing proceeding.

C.    **Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and Probation Office, including answering any inquiries made by the Court or Probation and rebutting any inaccurate statements or arguments by the defendant, her attorney, or anyone else. The defendant also understands and agrees that nothing in this plea agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

IV.    **ELEMENTS OF THE OFFENSE**

At a trial, the government would have to prove beyond a reasonable doubt the following elements of wire fraud in violation of 18 U.S.C. § 1343, to which the defendant is pleading guilty:

1.  The defendant knowingly participated in a scheme to defraud and made false representations in connection therewith;

2.  The false representations were material and capable of influencing a person to part with money or property;

3.  The defendant acted with the intent to defraud, that is, with the intent to deceive and cheat; and

4.  The defendant caused an interstate wire to be used to carry out essential part of the scheme.

The defendant understands the nature and elements of the crime charged in the Information to which she is pleading guilty, together with the possible defenses thereto, and has discussed them with her attorney.

PLEA AGREEMENT                                6

## V.    MAXIMUM SENTENCE

### A.    Maximum Penalty

The maximum sentence that the Court can impose is 20 years of incarceration, a fine of $250,000, a three-year period of supervised release, and a special assessment of $100. By signing this plea agreement, the defendant agrees that the Court can order the payment of restitution for the full loss caused by her misconduct. The defendant also agrees that the restitution order is not restricted to the amounts alleged in the specific count to which she is pleading guilty. Finally, the defendant agrees that she will not attempt to discharge in any bankruptcy proceeding any restitution imposed by the Court.

### B.    Violations of Supervised Release

The defendant agrees that if she violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require her to serve up to two additional years in prison.

## VI.    SENTENCING DETERMINATION

### A.    Statutory Authority

The defendant understands that the Court must consult the federal sentencing guidelines and take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory sentencing guideline range for this case and take it into account when determining a final sentence. The defendant also understands that the Court will consider whether there is a basis for departure from the sentencing guideline range, either above or below the range, because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration in formulating the sentencing guidelines. Finally, the defendant understands that the Court, after consultation and consideration of the sentencing guidelines, must impose a sentence that is reasonable considering the factors set forth in 18 U.S.C. § 3553(a).

///

///

///

///

///

PLEA AGREEMENT                                                7

B. **Estimated Guideline Calculation**

The parties agree that there is no material dispute as to the following sentencing guideline variables and therefore stipulate to the following except where noted:

1. Base Offense Level: 7 (U.S.S.G. § 2B1.1(a)(1)).

2. Loss Amount: +16 (loss over $1,500,000) (U.S.S.G. § 2B1.1(b)(1)(I)).

3. Role in the Offense: +2 (abuse of trust) (U.S.S.G. § 3B1.3).

4. Acceptance of Responsibility: - 3 (U.S.S.G. § 3E1.1).

5. Criminal History: The parties estimate, but do not stipulate, that the defendant's criminal history category will be I. If the defendant qualifies as a zero-point offender, the parties agree that she would receive an additional decrease of two levels.

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments other than the decrease for "Acceptance of Responsibility," or cross-references. The parties also agree not to move for, or argue in support of, any other departures from the sentencing guidelines except that the government may move for a departure or adjustment based on defendant's post-plea obstruction of justice.

## VII. WAIVERS

A. **Waiver of Constitutional Rights**

The defendant understands that by pleading guilty she is waiving the following constitutional rights: (1) to plead not guilty and to persist in that plea if already made, (2) to be tried by a jury, (3) to be assisted at trial by an attorney, who would be appointed if necessary, (4) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed, (5) to subpoena witnesses to testify on her behalf, (6) to confront and cross-examine witnesses against her, and (7) to not to be compelled to incriminate herself.

B. **Waiver of Appeal and Collateral Attack**

The defendant understands that the law gives her a right to appeal her guilty plea, conviction, and sentence. The defendant agrees as part of her plea, however, to give up the right to appeal the guilty plea,

PLEA AGREEMENT                                   8

conviction, and sentence imposed in this case as long as the sentence does not exceed the statutory maximum for the offense to which she is pleading guilty. The defendant understands that this waiver includes, but is not limited to, all constitutional or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and all claims that the factual basis for plea attached to this agreement is insufficient to support her plea of guilty. The defendant also specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed exceeds the statutory maximum or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this plea agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements above, if the defendant ever attempts to vacate her plea, dismiss the underlying charge, or modify or set aside her sentence on the count to which she is pleading guilty, the government shall have the rights set forth above.

### C.   Waiver of Attorneys' Fees and Costs

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations.

### D.   Impact of Plea on Defendant's Immigration Status

The defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. The defendant and her counsel have discussed the fact that the charges to which she is pleading guilty are aggravated.

PLEA AGREEMENT                                        9

felonies, or crimes that are likely to be determined to be aggravated felonies, under 8 U.S.C. §1101(a)(43), and that while there may be arguments she can raise in immigration proceedings to avoid or delay removal, it is virtually certain she will be removed if she is not a United States citizen. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including her attorney or the Court, can predict to a certainty the effect of her conviction on her immigration status. The defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States

## VIII.    ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition exists between the parties, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, her counsel, and counsel for the government.

///

///

///

## IX.    APPROVALS AND SIGNATURES

### A.    Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 4/8/26

Kevin Rooney
Attorney for Suliana Caldwell

### B.    Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the sentencing guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 4/8/2026

Suliana Caldwell
Defendant

### C.    Attorney for United States:

I accept and agree to this plea agreement on behalf of the government.

Dated: April 8, 2026

ERIC GRANT
United States Attorney

CODY S. CHAPPLE
JOSEPH D. BARTON
Assistant United States Attorneys

PLEA AGREEMENT                                           11

**EXHIBIT A**

**Factual Basis for Plea**

The defendant, Suliana Caldwell agrees that, if this matter proceeded to trial, the government would establish the following facts beyond a reasonable doubt:

At all relevant times, defendant Caldwell resided in Fresno County, State and Eastern District of California, and was the operations manager for the Fresno Arts Council ("FAC"). The FAC is a non-profit organization that acts as the designated local arts agency for the City and County of Fresno. It promotes and supports the regional arts community through programming, advocacy, public art management, grants, and services for artists.

As the FAC's operations manager, defendant Caldwell's duties included managing the FAC's bank accounts, payroll, and general finances. Her duties also included providing periodic updates and reports on the FAC's finances to the FAC's executive director and board members, the City and County of Fresno, and others as directed. Almost all FAC funds were received from the City of Fresno and other public entities.

Beginning in June 2022, defendant Caldwell began making unauthorized transfers from the FAC's bank accounts to her own personal PayPal and on to her bank accounts. The unauthorized transfers significantly increased in 2023 when the FAC received millions of dollars in Measure P funds and continued through until February 2026. Measure P is a voter approved tax initiative meant to provide funding for, among other things, parks, trails, and the arts in the City of Fresno.

In total, defendant Caldwell took over $1,800,000 from the FAC. She then used the funds to gamble at local casinos, pay for vacations, and for other improper personal expenses for herself. This generated interstate wire communications from bank accounts and computers in Fresno County to bank accounts and computers located outside California including a wire communication on July 9, 2024, which was when she took approximately $58,000 from the FAC's bank accounts in one day.

To facilitate and conceal her fraud scheme, defendant Caldwell abused the trust and discretion that she was given as the FAC's operations manager and made misrepresentations on the financial reports that she created and submitted to the FAC's executive director and board members, the City and County

PLEA AGREEMENT                                        A-1

of Fresno, and others as directed. Specifically, she altered and misreported the financial figures in the reports to make the reports appear as though no unauthorized transfers were occurring from the FAC's bank accounts when, in fact, she was taking the funds for the benefit of herself. These misrepresentations were material, in that, the FAC's executive director and board members and the City and County of Fresno would not have allowed defendant Caldwell to stay in her position as the FAC's operations manager and to continue to take the FAC's funds had they known about her fraud scheme.

On March 26, 2026, defendant Caldwell met with the Fresno Police Department ("FPD") and the FBI and confessed to the above crimes. Defendant Caldwell also explained the financial and operational procedures used by the FAC during her tenure with that organization.

Accordingly, defendant Caldwell agrees that: (1) she knowingly participated in a scheme to defraud and made false representations in connection therewith, (2) the false representations were material and capable of influencing a reasonable person to part with money or property, (3) she acted with the intent to defraud, that is, with the intent to deceive and cheat, and (4) she caused an interstate wire generated from the State and Eastern District of California to a location outside California to be used to carry out an essential part of her scheme.

I, SULIANA CALDWELL, have read this factual basis for plea and agree to the facts contained herein.

Dated: __4/8/2026__                    _____
                                        SULIANA CALDWELL
                                        Defendant

PLEA AGREEMENT                         A-2